## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HAL RUDDICK, TIMOTHY THOMAS, FELICIA BRYANT, BARRY CARR, MOSHE DAVIS, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 HEALTH & WELFARE FUND, | ) ) ) ) ) ) ) |

Case No.

Judge:

FILED: APRIL 10 ,2008
08CV2049          NF
JUDGE DARRAH
MAGISTRATE JUDGE NOLAN

Plaintiff,

v.

520 S. MICHIGAN AVENUE CORPORATION d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER,

Defendant.

### COMPLAINT

Plaintiff HAL RUDDICK, TIMOTHY THOMAS, FELICIA BRYANT, BARRY CARR, MOSHE DAVIS and MARSHALL MAUER as Trustees of SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 HEALTH and WELFARE FUND ("Welfare Fund"), through its attorneys, Dowd, Bloch & Bennett, by way of its complaint against Defendant 520 S. MICHIGAN AVENUE CORPORATION d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER, states as follows:

### COUNT I

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1.     The Welfare Fund is a multiemployer benefit plan within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A).  The Fund's Trustees and the Welfare Fund maintain offices and

conduct business within this district.

2.    Defendant 520 S. MICHIGAN AVENUE CORPORATION d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER (herein "Defendant Company"), is incorporated and registered to do business in the State of Illinois.  At all relevant times, the Defendant Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(2).

3.    Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4.    The Service Employees International Union, Local 4 and/or Service Employees International Union, Local 1 ("SEIU") are labor organizations within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintain principal offices in this district.

5.    The Defendant Company is now and at all relevant times has been a party to a collective bargaining agreement with SEIU (hereinafter "Agreement").

6.    Article XX of the last written Agreement between the Defendant Company and SEIU provides that, the Agreement shall be effective as of October 1, 2000 and shall remain in full force and effect to and including September 30, 2004 but that either party desiring to change or modify the Agreement shall serve written notice thereof upon the other party by certified mail at least sixty days prior to September 30, 2004 to commence negotiations on a successor Agreement.

7.    Upon information and belief, during the period of October 1, 2000 through September 30, 2007, the Agreement has been extended by the Defendant Company and SEIU and its terms and conditions have remained in effect.

8.    The parties remain bound to that written Agreement.

9.    Under the terms of the Agreement, effective October 1, 2000, the Defendant Company was required to report and contribute the sum of $110.00 per month to the Welfare Fund for each employee regularly scheduled to work three or more days per week.

10.    The Agreement further provides that the Defendant Company is required to increase said contribution by $10.00 per month, per employee each October 1st, each year of the contract.

11.    Under the terms of the Agreement, the Defendant Company is also required to remit monthly wage deductions to SEIU for Union dues, which, upon information and belief, since at least October 1, 2000 through September 30, 2007, the Defendant Company has continued to do.

12.    Under the terms of the Agreement, the Defendant Company agreed to be bound by all the terms and conditions of the Declaration of Trust of the Welfare Fund.

13.    Pursuant to the terms of the Restated Agreement and Declaration of Trust Creating the Local No. 4, S.E.I.U. Health and Welfare Fund (hereinafter "Trust Agreement") and the Welfare Fund's collection procedures, which are authorized by the Trust Agreement,  Employers who fail to report and/or remit contributions in accordance with the Agreement are liable to pay an additional 20% in liquidated damages, interest, as well as all costs of collection, including reasonable attorneys' fees and court costs.

14.    Despite its obligations under the Welfare Fund's Trust Agreement and the Agreement, for the period of October 2000 through September 2007, the Defendant Company has failed to properly pay contributions to the Welfare Fund.

15.    The contributions the Defendant Company remitted to the Welfare Fund during the period of October 2000 through September 2007 were not at the rates required by the

Agreement, which resulted in shortages in the contributions on the Defendant Company's account.

16.     On or about September 19, 2007, the Defendant Company remitted a payment to the Welfare Fund in the amount of $16,200.00 for rate differential owed on contributions reported to the Welfare Fund during the period of October 2000 through September 2005.

17.     The Defendant Company has not remitted payment for the rate differential owed for contributions reported to the Welfare Fund during the period of October 2005 through September 2007 or for the liquidated damages and interest owed for these delinquent contributions.

18.     The Defendant Company has made contributions to the Welfare Fund for the period of October 2007 through February 2008, at the applicable rates based on the Agreement.

19.     As evidenced by reports submitted to the Welfare Fund, since at least October 2000, the Defendant Company has employed employees who performed work covered by the Agreement.

20.     Despite demand being made, the Defendant Company has not remitted the contributions due to the Welfare Fund for October 2005 through September 2007 and the accompanying liquidated damages and interest owed for the period of October 2000 through September 2007.

21.     All conditions precedent to requiring payment of contributions to the Welfare Fund have been met.

22.     The Defendant Company's failure to properly remit  contributions to the Welfare Fund violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

23.     Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Welfare Fund's Trust Agreement, the Defendant Company is liable to the Welfare Fund for the unpaid contributions, interest, liquidated damages in the amount of 20% and reasonable

4

attorneys' fees and court costs.

24.     The Defendant Company's obligations under the Agreement are continuing, and for each month it continues to be delinquent in the contribution shortages, contributions will be due and owing to the Welfare Fund and interest on the unpaid contributions will continue to accrue until payment is made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant 520 S. MICHIGAN AVENUE CORPORATION d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER as follows:

1.     Finding that 520 S. MICHIGAN AVENUE CORPORATION d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER violated the Agreement;

2.     Finding that 520 S. MICHIGAN AVENUE CORPORATION d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER is liable to the Plaintiff for the delinquent contributions owed to date, interest, liquidated damages and attorneys' fees and court costs.

3.     Ordering 520 S. MICHIGAN AVENUE CORPORATION d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER to pay to Plaintiff all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;

4.     Ordering 520 S. MICHIGAN AVENUE CORPORATION d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER to pay to Plaintiff all reasonable attorneys' fees and costs  incurred in pursuing collections; and

5.      Granting all such other legal and equitable relief as the Court deems just and proper.


                                        Respectfully submitted,


                                        /s/Michele M. Reynolds
                                        Michele M. Reynolds
                                        One of Plaintiff's Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
Dowd, Bloch & Bennett
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361

6